IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NED JAMES, #K-91930, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-00798-SMY |
| ) | |
| MENARD CORRECTIONAL CENTER, ) | |
| MS. BUTLER, DR. SUNEJA, ) | |
| DR. PAGE, JACOB WEATHERFORD, ) | |
| MS. CREASON, MS. THOMAS, and ) | |
| MS. PAPPAS, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Ned James, an inmate at Menard Correctional Center ("Menard"), brings this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants violated his rights under the Eighth Amendment when they failed to provide him with proper medical care following his recent transfer to Menard. *See* Doc. 1. Plaintiff seeks an immediate transfer out of Menard, as well as monetary damages.

### Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). Plaintiff's request for immediate injunctive

relief will be considered in conjunction with the requisite preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

## The Complaint

Plaintiff was transferred to Menard in late May 2015. Doc. 1, p. 4. The complaint states that Plaintiff is seriously mentally ill and prior to his transfer to Menard he was on three psychotropic medications. *Id*. For the first 23 days following his transfer, Plaintiff did not receive any of his psychotropic medications. *Id*. Plaintiff notified Defendants Thomas, Creason, Jacob, Weatherford, Suneja, Page, Pappas, and Butler of his need for the medications and his request to be transferred to Dixon Correctional Center, but he states that his requests were ignored. As a result, Plaintiff's mental health condition deteriorated and he was placed on suicide watch from June 7 until June 10. Thereafter, Plaintiff began receiving two of his psychotropic medications, but as of the date he filed the complaint, he still was not receiving one of them. *Id*. at 5.

In addition, Plaintiff is asthmatic and had fainting episodes as a result of the heat. *Id*. Plaintiff notified the healthcare unit on June 18, 19, and 20 regarding the fainting spells and requested a fan. On June 21, Plaintiff fainted and hit his head on the cell wall; following this incident, Plaintiff received a disciplinary ticket for giving false information to guards regarding his asthma diagnosis and disobeying a direct order. *Id*. On June 22, Defendant Weatherford, a mental health counselor, met with Plaintiff, who requested that he be placed on suicide watch. Defendant Weatherford refused to place Plaintiff on suicide watch simply because Plaintiff was not receiving his medications and had been denied a fan. *Id*. Weatherford stated, "You seem fine to me and plus it's not in your charts." *Id*. The next day, Susan Kirk, a medical technician, informed Plaintiff, "Somebody fucked up. You are an asthmatic. It's in your charts." *Id*. She

provided Plaintiff with an asthma pump and made sure he was cool.

Plaintiff maintains that his mental health continues to deteriorate, due to the inadequate medical attention he has received at Menard, and as a result, he has attempted suicide several times.  *Id*.  Although Plaintiff does not explicitly request a preliminary injunction, he does request an immediate transfer to Dixon or Pontiac Correctional Center and he included a notation -- *Emergency Situation* -- at the top of the first page of his complaint.  He also requests monetary damages.

## Analysis

Accepting Plaintiff's allegations as true, as the Court must do at this preliminary stage, the Court finds that Plaintiff has articulated a colorable Eighth Amendment medical needs claim.  To plead an Eighth Amendment medical needs claim, a complaint must allege two elements: 1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition. *See Johnson v. Snyder,* 444 F.3d 579, 584 (7th Cir.2006); *see also Roe v. Elyea,* 631 F.3d 843, 857 (7th Cir. 2011).  The Seventh Circuit has held that a medical need is objectively "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).  Plaintiff alleges that he has been diagnosed with a severe mental illness, as well as asthma.  Both are considered objectively serious medical conditions and interruption in the treatment of either condition could pose a serious risk to an individual's mental and physical health.  Having sufficiently pled that he suffers from objectively serious medical conditions, the question is whether Defendants acted with deliberate indifference to Plaintiff's medical needs.

To establish that an official acted with deliberate indifference, a plaintiff "must demonstrate that prison officials acted with a 'sufficiently culpable state of mind.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Specifically, officials must "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno*, 414 F.3d at 653 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Moreover, "[a] delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *see also Cooper v. Casey*, 97 F.3d 914, 916 (7th Cir. 1996).

In the present case, Plaintiff has named as Defendants Menard Correctional Center (mental health staff), Ms. Butler (warden at Menard), Dr. Suneja (mental health doctor), Dr. Page (mental health doctor), Jacob Weatherford (mental health worker), Ms. Creason (mental health worker), Ms. Thomas (mental health worker), and Ms. Pappas (mental health worker). However, Plaintiff cannot maintain his suit against Menard Correctional Center, which is a division of the Illinois Department of Corrections, because it is a state government agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages). As such, Defendant Menard Correctional Center is dismissed from this action with prejudice.

That said, the facts recited in the complaint suggest that each remaining Defendant was either personally involved in the alleged constitutional violations or was adequately notified of

the *ongoing* constitutional violations and chose to turn a blind eye. Therefore, Plaintiff may proceed on his claim for monetary damages against all of the remaining Defendants, in their individual capacities, at this time.

In addition, Plaintiff may proceed on his claim for injunctive relief against Defendant Butler, in her official capacity as warden of Menard. *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

### Request for Immediate Injunctive Relief

Having reviewed the facts set forth in Plaintiff's complaint, and in light of Plaintiff's assertion that this is an "Emergency Situation," the Court construes Plaintiff's request for an immediate transfer as a motion for preliminary injunction. Without commenting on the merits of this motion, the Court finds that the motion for a preliminary injunction deserves prompt consideration. Therefore, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c), Plaintiff's motion for preliminary injunction (Doc. 7) is hereby **REFERRED** to United States Magistrate Judge Frazier, who shall address the motion as soon as practicable, and issue a report and recommendation. The period for filing any objections to the report and recommendation shall not exceed **14 days** from the date of the report. Any motions filed after the date of this Order that relate to the request for injunctive relief or seek leave to amend the complaint are also hereby **REFERRED** to Judge Frazier.

### Additional Pending Motions

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) remains **PENDING** and shall be addressed once Plaintiff has submitted his trust fund account statement as ordered by the Court (*see* Doc. 5).

Plaintiff's motion for attorney representation (Doc. 3) shall be referred to United States Magistrate Judge Frazier and addressed in a separate order.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff may proceed on his Eighth Amendment medical needs claim against Defendants **BUTLER, SUNEJA, PAGE, WEATHERFORD, CREASON, THOMAS,** and **PAPPAS,** in their individual capacities, and against Defendant **BUTLER,** in her official capacity as warden of Menard, for purposes of injunctive relief.

**IT IS FURTHER ORDERED** that Defendant **MENARD CORRECTIONAL CENTER** is **DISMISSED** from this action with prejudice.

The Clerk of Court shall prepare for Defendants **BUTLER, SUNEJA, PAGE, WEATHERFORD, CREASON, THOMAS,** and **PAPPAS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If Defendants fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendants, and the Court will require Defendants to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file

or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Frazier for further pre-trial proceedings, which shall include a determination on the pending motion for attorney representation (Doc. 3) and motion for preliminary injunction (Doc. 7).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 10, 2015**

s/ STACI M. YANDLE<br>United States District Judge