IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **NED JAMES, III,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 15-cv-00798-SMY-PMF |
| ) | |
| **MS. BUTLER, et al.,** ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff Ned James' motion for a preliminary injunction (part of Doc. No. 1, Doc. No. 7). James is proceeding on an Eighth Amendment claim, alleging deliberate indifference to his serious mental health needs. In his pleading, he requested immediate transfer to Dixon Correctional Center or Pontiac Correctional Center (Doc. No. 1, p. 6). That request was construed as a motion for a preliminary injunction and referred to the undersigned for a Report and Recommendation (Doc. No. 8, p. 5). A preliminary injunction is not appropriate at this time.

James must support his request by showing that he has some likelihood of success on the merits of his Eighth Amendment claim, that he does not have an adequate remedy at law, and that he will suffer irreparable harm if the injunction is not granted. *Exell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011). The Court must also consider the public interest, weighing factors in a sliding scale approach. *Christian Legal Society v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). Injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

Recently, the undersigned granted James' request for recruitment of counsel (Doc. No. 16). An entry of appearance or motion to withdraw is anticipated in the near future. Considering the nature of plaintiff's request and the notice/proof requirements for preliminary injunctive relief, it would be prudent to give James an opportunity to confer with recruited counsel and allow recruited counsel to evaluate the need for a preliminary injunction. If appropriate, recruited counsel may file a well-supported motion and take steps to ensure that the defendants are notified of the basis for the request. Fed. R. Civ. P. 65(a)(a preliminary injunction is issued only after the adverse party is given notice and an opportunity to oppose the motion).

IT IS RECOMMENDED that plaintiff's request for a preliminary injunction (part of Doc. No. 1, Doc. No. 7) be DENIED at this time, without prejudice to plaintiff's right to re-file a well-supported motion through recruited counsel, if deemed appropriate.

**SUBMITTED:**  August 13, 2015  .

  s/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**