IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NED JAMES, III, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) )   Civil Case No. 15-cv-00798-SMY-PMF |
| MS. BUTLER, et al., | ) ) ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

    Before the Court is plaintiff Ned James' motion for immediate transfer (Doc. No. 20). James is proceeding on an Eighth Amendment claim, alleging deliberate indifference to his serious mental health needs. James is confined at Menard Correctional Center, in Chester, Illinois. Recently, the Court construed a similar request as a motion for a preliminary injunction (Doc. No. 8). That motion was referred to the undersigned for a report and recommendation. On August 13, 2015, a recommendation was made that the motion be denied without prejudice (Doc. No. 17). That recommendation remains pending.

    In the new motion, like James' original motion, he requests immediate transfer to Dixon Correctional Center or Pontiac Correctional Center (Doc. No. 1, p. 6; Doc. No. 20). In support of his current motion, James reports that his housing assignment was recently changed and his state-issued fan was confiscated. He was moved to a 2-man cell in the west cell house, where he was exposed to severe heat. James believes the housing decision and fan confiscation were motivated by a desire to retaliate for this litigation. Unfortunately, James has not supported his motion with facts plausibly permitting an inference that either decision was retaliatory. James does not say who confiscated his fan or who assigned him to the top gallery in the west cell

house.  In the Court's experience, housing reassignments are fairly routine occurrences in a state prison.  While James may experience some discomfort, there is no likelihood that he will suffer irreparable harm in the absence of a transfer.  If James is dissatisfied with his current housing assignment or a decision to confiscate his fan, he may seek an administrative remedy.  Moreover, James is not proceeding on a retaliation claim in this case.  For all of these reasons, James' request for injunctive relief in the form of an immediate transfer lacks merit.

IT IS RECOMMENDED that plaintiff's motion for immediate transfer (Doc. No. 20) be DENIED.

**SUBMITTED:  September 1, 2015 .**

  s/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**