IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NED JAMES, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-798-SMY-RJD |
| | ) |
| MS. BUTLER, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

On July 23, 2015, Plaintiff Ned James, III filed this *pro se* action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff challenged the conditions of his confinement at Menard Correctional Center, alleging that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment. Specifically, he alleged that Defendants responded with deliberate indifference to his serious mental health needs. The Court granted Defendants motions for summary judgment on the basis that Plaintiff failed to exhaust his administrative remedies (*see* Doc. 90). Plaintiff filed a Notice of Appeal on September 8, 2016 (Doc. 93). He now moves for leave to appeal *in forma pauperis* ("IFP") (Doc. 101).

A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); FED. R. APP. P. 24(a)(3)(A). An appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous; in other words, that a reasonable person could suppose it to have at least some legal merit. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

In this case, Plaintiff's motion provides sufficient details regarding his financial condition

based on which, the Court finds that Plaintiff is indigent.  The Court also finds, however, that the appeal is frivolous.  Plaintiff's Notice of Appeal (Doc. 93) does not state the specific basis for his appeal.  However, Plaintiff's Motion for Leave to Appeal IFP states that Plaintiff exhausted his administrative remedies.  (Doc. 101 p. 1).  In its Order dismissing Plaintiff's case, the Court explicitly found, however, that Plaintiff had not exhausted his administrative remedies because he filed the instant suit before the Administrative Review Board had ruled on his appeal.  (Doc. 90 p. 3).  Although Plaintiff argued that the statutory exhaustion requirement does not apply to him because the warden had agreed that his grievance should be handled as an emergency, the Court notes that the warden did exactly that – Plaintiff's grievance was considered and denied by the warden within one week of its submission.  His case, therefore, was properly dismissed and Plaintiff has made no reasonable argument as to why this appeal has any legal merit.  Accordingly, Plaintiff's Motion to Proceed on Appeal *in Forma Pauperis* (Doc. 101) is **DENIED**.

    **IT IS SO ORDERED.**

    **DATED:  November 21, 2016**

    **s/ Staci M. Yandle**
    **STACI M. YANDLE**
    **United States District Judge**